IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Bankruptcy Court
Southern District of Texas
FILED
MAY 1 2 2005
Michael N. Milby, Clerk

| | |
|---|---|
| TECHNIP OFFSHORE, INC. ( as substituted for TECHNIP CONTRACTORS, INC. f/k/a COFLEXIP STENA OFFSHORE, INC.)<br><br>*Plaintiff*<br><br>V.<br><br>WILLIAMS FIELD SERVICES—GULF COAST COMPANY, L.P., AND WILLIAMS OIL GATHERING, LLC<br><br>*Defendants* | CIVIL ACTION NO. H-04-0096 |

## PLAINTIFF AND COUNTER-DEFENDANT'S ORIGINAL ANSWER TO DEFENDANTS' FOURTH AMENDED COUNTERCLAIM

**TO THE HONORABLE JUDGE ROSENTHAL:**

Plaintiff and Counter-defendant, TECHNIP OFFSHORE, INC. (as substituted for TECHNIP CONTRACTORS, INC. F/K/A COFLEXIP STENA OFFSHORE, INC.) ("*Technip*"), respectfully files this Original Answer to the Fourth Amended Counterclaim filed with the Court by Defendants and Counter-plaintiffs, WILLIAMS FIELD SERVICES — GULF COAST COMPANY, L.P., and WILLIAMS OIL GATHERING, LLC (collectively "*Defendants*") and would respectfully show the Court the following:

## A. Plaintiff/Counter-Defendant Technip's Original Answer to Defendants' Counterclaim

1. Technip admits that the project is referred to as the Devils Tower Project; however, Technip lacks sufficient knowledge to either admit or deny the remaining allegations contained in paragraph 82 and, therefore, denies such allegations.

2. Technip lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 83 and, therefore, denies such allegations.

3. Technip lacks sufficient knowledge to either admit or deny the remaining allegations contained in paragraph 84 and, therefore, denies such allegations.

4. Technip admits that it discussed the engineering, procurement and installation services associated with the Export Pipelines with Defendants during the early part of 2001; however, Technip lacks sufficient knowledge to either admit or deny the remaining allegations contained in paragraph 85 and, therefore, denies such allegations.

5. Technip admits that it discussed the engineering, procurement and installation associated with the Export Pipelines with Defendants, however, Technip lacks sufficient knowledge to either admit or deny the remaining allegations contained in paragraph 86 and, therefore, denies such allegations.

6. Technip admits that its predecessor Coflexip Stena Offshore, Inc. signed the EPIC Contract with Defendants with an effective date of August 13, 2001; however, Technip lacks sufficient knowledge to either admit or deny the remaining allegations contained in paragraph 87 and, therefore, denies such allegations.

7. Technip admits that the EPIC Contract addresses the pre-lay of the Export Pipelines and the SCR(s); however, Technip lacks sufficient knowledge to either admit or

deny the remaining allegations contained in paragraph 88 and, therefore, denies such allegations.

8. Technip denies the factual allegations in paragraph 89.

9. Technip admits that Exhibit A of the EPIC Contract sets forth the payment schedule for the project; however, Technip lacks sufficient knowledge to either admit or deny the remaining allegations contained in paragraph 90 and, therefore, denies such allegations.

10. Technip denies the factual allegations in paragraph 91.

11. Technip denies the factual allegations in paragraph 92.

12. Technip admits that a meeting was conducted between representatives of Technip and Defendants on or about January 15, 2003 and that Defendants stated that other parties would be performing certain work on the Devils Tower Project in mid-March, 2003; however, Technip denies the remaining allegations contained in paragraph 93.

13. Technip admits at least one inquiry by Defendants from Technip as to the schedule for the pre-lay activities and that Technip advised Defendants that the Vessel would not be available for remaining work until after March 20, 2003; however, Technip denies the remaining factual allegations contained in paragraph 94.

14. Technip denies the factual allegations in paragraph 95.

15. Technip denies the factual allegations in paragraph 96.

16. Technip denies the factual allegations in paragraph 97.

17. Technip denies the factual allegations in paragraph 98.

18. Technip denies the factual allegations in paragraph 99.

19. Technip admits that it submitted the COR # 23, Rev. 1, COR # 24, Rev. 1, COR #25, COR # 26, COR # 27, *inter alia* to Defendants; however, Technip denies the remaining factual allegations contained in paragraph 100.

20. Technip denies the factual allegations in paragraph 101.

21. Technip denies the factual allegations in paragraph 102.

22. Technip admits that Article 23.5 of the EPIC Contract discusses the subject of liquidated damages; however, Technip denies the remaining factual allegations contained in paragraph 103.

23. Technip lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 104 and, therefore, denies such allegations.

24. Technip denies the factual allegations in paragraph 105.

25. Technip denies the factual allegations in paragraph 106.

26. Technip denies the factual allegations in paragraph 107.

27. Technip denies the factual allegations in paragraph 108.

28. Technip denies the factual allegations in paragraph 109.

29. Technip admits that Section 4.8.1 of Exhibit B of the EPIC Contract states as set forth in paragraph 110; however, Technip denies the remaining factual allegations contained in paragraph 110.

30. Technip in answer to paragraph 111 of the Counterclaim, incorporates its admissions and denials to paragraphs 82 through 110 referenced above in this Original Answer.

31. Technip denies the factual allegations in paragraph 112.

32. Technip denies the factual allegations in paragraph 113.

33. Technip denies the factual allegations in paragraph 114.

34. Technip in answer to paragraph 115 of the Counterclaim incorporates its admissions and denials to paragraphs 82 through 110 referenced above in this Original Answer.

35. Technip denies the factual allegations in paragraph 116.

36. Technip denies that the Defendants are entitled to the relief requested in i)-iii) of the section entitled Relief Requested.

### B. Plaintiff/Counter-Defendant Technip's Affirmative Defense to Defendants' Counterclaim

37. Defendants' counter-claims are barred because Defendants failed to perform all conditions precedent necessary to recover from Technip.

38. Defendants' damages, if any, should be reduced by the amount attributed to Defendants' failure to mitigate its damages.

39. Defendants' counter-claims are barred because Defendants materially breached the Contract prior to the alleged material breach by Technip.

40. Defendants' counter-claims are barred by the affirmative defense of excuse.

41. Defendants' counter-claims are barred by the doctrine of estoppel.

42. Defendants' counter-claims are barred by the doctrine of waiver.

43. Defendants' counter-claims are barred based on Defendants' assumption of the risk.

44. Defendants' counter-claims are barred due to a failure of consideration.

45. Defendants' counter-claims are barred by laches.

46. Defendants' counter-claims are barred by the affirmative defense of release.

47. Plaintiff also asserts the parol evidence rule as an affirmative defense barring the introduction of evidence outside the Contract.

48. Plaintiff also asserts that some or all of Defendants' counter-claims are not ripe and such un-ripe counter-claims are barred.

49. Plaintiff also asserts that Defendants' have not suffered any damages for some or all of Defendants' counter-claims and, to the extent damages have not been suffered Defendants' counter-claims are barred.

50. Plaintiff also asserts that Defendants' counter claims are barred and/or limited due to the doctrine of offset/credit/set off.

**WHEREFORE**, Plaintiff/Counter-Defendant Technip Offshore, Inc. prays that Defendants/Counter-Plaintiffs Williams Field Services – Gulf Coast Company, L.P. and Williams Oil Gathering, LLC, take nothing and that Plaintiff/Counter-Defendant be awarded its attorney's fees and costs and all other relief to which Technip Offshore, Inc. may be justly entitled.

**RESPECTFULLY SUBMITTED**, this 12th day of May, 2005.

Respectfully submitted,

By: _____
Kerry C. Williams
Attorney-in-Charge
State Bar No. 00792968
Southern District of Texas No. 12564
1200 Smith Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 658-1818
Telecopier: (713) 658-2553
**ATTORNEYS FOR PLAINTIFF TECHNIP OFFSHORE, INC.**

OF COUNSEL:
CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & MARTIN
R. Kyle Hawes
State Bar No. 00796725
Southern District of Texas No. 23218
1200 Smith, Suite 1400
Houston, Texas 77002
Telephone: (713) 658-1818
Telecopier: (713) 658-2553

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2005 a copy of the foregoing instrument was served upon the following persons by certified mail return receipt requested:

John D. White *Via CM/RRR*
Jones, Walker, Waechter, Poitevant, Carrere & Denegre, LLP
10001 Woodloch Forest Drive, Suite 350
The Woodlands, Texas 77380
Counsel for Defendants

T. Lane Wilson, Esq. *Via CM/RRR*
Karissa K. Cottom
Hall, Estill, Hardwick, Gable,
 Golden & Nelson, P.C.
320 South Boston Avenue, Suite 400
Tulsa, Oklahoma 74103-3708
Counsel for Defendants

R. Kyle Hawes

0521491.01
960622-000004:5/10/2005