CIVIL ACTION NO. H 04 0096

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

_____

Technip Offshore, Inc. (As Substituted For
Technip Offshore Contractors, Inc.,
F/K/A CoFlexip Stena Offshore, Inc.),
Plaintiff,

v.

Williams Field Services-Gulf Coast Company, L.P.
and Williams Oil Gathering, LLC,
Defendants.

_____

**DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S
SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT
AND CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

_____

T. Lane Wilson
Southern District of Texas No. 38867
HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.
320 South Boston Avenue, Suite 400
Tulsa, Oklahoma  74103
Telephone (918) 594-0400
Facsimile (918) 594-0505

**ATTORNEY IN CHARGE FOR
DEFENDANTS WILLIAMS FIELD
SERVICES - GULF COAST COMPANY,
L.P. AND WILLIAMS OIL GATHERING,
LLC**

Of Counsel:
HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.
Karissa K. Cottom
State Bar No. 24029893
Southern District of Texas No. 29593

and
JONES, WALKER, WAECHTER
POITEVENT, CARRERE &
DENEGRE, L.L.P.
John D. White
State Bar No. 21311500
Southern District of Texas No. 6579
Catherine V. Funkhouser
State Bar No. 24037307
Southern District of Texas No. 38779
10001 Woodloch Forest Drive, Suite 350
The Woodlands, Texas  77380
Telephone (281 )296-4444
Facsimile (281) 296-4404

## TABLE OF CONTENTS

Page

I.   BACKGROUND AND NATURE AND STAGE OF THE PROCEEDINGS ................. 2

II.  STATEMENT OF THE ISSUES....................................................................... 4

III. SUMMARY OF THE ARGUMENT ............................................................... 4

IV.  ARGUMENT AND AUTHORITIES ON TECHNIP'S
     MOTION FOR PARTIAL SUMMARY JUDGMENT...................................... 5

     A.   Summary Judgment Standard ............................................................... 5

     B.   Williams Provided a Valid SPAR Access Date in Accordance with Article
          2.0 of the Contract.................................................................................. 6

     C.   Technip Did Not Timely Perform Its Work After the Issuance of the
          SPAR Access Date................................................................................. 11

V.   ARGUMENT AND AUTHORITIES ON WILLIAMS'
     CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT...................................... 11

     A.   Statement of Undisputed Facts .......................................................... 11

     B.   Summary Judgment Standard ............................................................ 12

     C.   Williams is Entitled to Summary Judgment on its Liquidated Damages
          Claim Because the SPAR Access Date was Properly Set in Accordance
          with the Contract.................................................................................. 12

VI.  CONCLUSION........................................................................................... 13

VII. CERTIFICATE OF SERVICE ................................................................... 15

# TABLE OF AUTHORITIES

**Page**

**CASES**

Celotex Corp. v. Catrett,
477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)................................................... 6, 12

Coker v. Coker,
650 S.W.2d 391 (Tex. 1951)..................................................................................................... 8

Hickman v. U.G. Lively,
897 F. Supp. 955 (S.D. Tex. 1995) .................................................................................... 6, 12

Little v. Liquid Air Corp.,
37 F.3d 1069 (5th Cir. 1994) ........................................................................................ 5, 6, 12

**RULES**

Fed. R. Civ. P. 56(c) ............................................................................................................ 5, 12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TECHNIP OFFSHORE, INC. (as** | § | |
| **Substituted for TECHNIP OFFSHORE** | § | |
| **CONTRACTORS, INC., f/k/a COFLEXIP** | § | |
| **STENA OFFSHORE, INC.),** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. H 04 0096** |
| **vs.** | § | |
| | § | |
| **WILLIAMS FIELD SERVICES-GULF** | § | |
| **COAST COMPANY, L.P. AND** | § | |
| **WILLIAMS OIL GATHERING, LLC,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

---

**DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S**
**SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT**
**AND CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

**TO THE HONORABLE JUDGE ROSENTHAL:**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and subsection 6 of the Court's Local Rules and Procedures, Defendants, Williams Field Services – Gulf Coast Company, L.P. and Williams Oil Gathering, L.L.C. (collectively, "Williams"), respectfully submit the following Brief in Response to the Second Motion for Partial Summary Judgment of Plaintiff Technip Offshore, Inc. (as substituted for Technip Offshore Contractors, Inc. f/k/a CoFlexip Stena Offshore, Inc.) ("Technip") and Defendants' Brief in Support of Cross-Motion for Partial Summary Judgment, and request that the Court deny Technip's Second Motion for Partial Summary Judgment and grant Williams' Cross-Motion for Partial Summary Judgment, both of which address Williams' breach of contract claim for liquidated damages.

**I.**
## BACKGROUND AND NATURE AND STAGE OF THE PROCEEDINGS

This lawsuit arises out of an August 13, 2001 Engineering, Procurement, Installation, and Commissioning of Gas Export Pipeline and Oil Export Pipeline Contract (the "Contract") between Williams and Technip.  Pursuant to the Contract, Technip agreed to design and install, inter alia, a gas and an oil pipeline in the United States Gulf of Mexico.  The Contract is attached to Technip's Second Motion for Partial Summary Judgment as Exhibit B.

Technip filed suit against Williams, asserting several claims for breach of the Contract.  See Plaintiff's Fourth Amended Original Complaint.  In response, Williams has asserted a counterclaim against Technip for breach of the Contract's liquidated damages provision.  See Defendants' Fourth Amended Answer and Counterclaim at 17.  Specifically, Williams alleges that under Article 23.5 of the Contract, Technip was required to achieve Substantial Completion by the later of March 2, 2003, or the SPAR Access Date plus fifty-one (51) days; otherwise, liquidated damages would be assessed for each day thereafter.

Article 23.5 of the Contract states:

> 23.5.1 Pipeline(s)/SPAR Connections
> (a) Should CONTRACTOR fail to achieve Substantial Completion of the Work by the later of either 02 March 2003 or the SPAR Access Date plus fifty-one (51) days, the COMPANY may assess as liquidated damages (LD), but not as a penalty, an amount of money per day equal to the LD value calculated in accordance with the mechanism below, for every day that the Work is not so completed, but only up to and not in excess of the aggregate maximum amount of ten percent (10%) of the Contract Sum, above which amount COMPANY agrees to release CONTRACTOR.  For purposes of this clause, the fifty-one (51) day scheduled will not be extended by events of Force Majeure in Article 20.0, except to the extent the aggregate of Force Majeure days occurring prior to the SPAR Access Date extends fifteen (15) days.

| Day of delay | LD Value per Day ($) |
|---|---|
| 01-30 | $100,000 |
| 31-60 | $200,000 |
| 61-75 | $300,000 |

Pursuant to Article 23.5, once the SPAR Access Date is set, Technip had 51 days to complete its SPAR Work. If Technip fails to complete the SPAR Work within the 51-day period, Williams had the right to assess liquidated damages against Technip in the amounts shown above.

In accordance with Article 2.6 of the Contract, Williams set the SPAR Access Date for January 27, 2004. See Affidavit of Guy Suffridge at ¶ 4, attached hereto as Exhibit "A". Substantial Completion occurred on April 22, 2004, 86 days later. See id. Therefore, Article 23.5 became operable on March 18, 2004, and ran until April 22, 2004. As a result, Williams is entitled to liquidated damages for thirty-five (35) days, totaling Four Million Dollars ($4,000,000.00).[1]

Technip's Motion for Partial Summary Judgment on Williams' liquidated damages claim is based on Technip's argument that because Williams did not provide the SPAR Access Date in accordance with the diminishing window mechanism contained in Article 2.0 of the Contract, Williams could not have set a SPAR Access Date without Technip's consent. Technip's argument has already been rejected by this Court. In its March 21, 2005, Memorandum and Opinion, the Court found that Williams was not obligated to follow the diminishing window mechanism once the SPAR Access Date was extended beyond the initial Article 2.0 window. It is not disputed that such an extension occurred. The Court further found that Williams was not required to obtain Technip's agreement before setting the SPAR Access Date under these

---

[1]   Williams inadvertently included January 27, 2004, in its initial calculation and, thus, originally sought an additional $200,000. See Defendants' Fourth Amended Answer and Counterclaim at ¶ 116.

circumstances. The Court's findings are entirely consistent with the unambiguous language of the Contract. Thus, Technip's motion should be denied.

Moreover, because there is no dispute regarding the date of Substantial Completion or the date on which Williams set the SPAR Access Date, there is no factual dispute regarding Williams' claim for liquidated damages. See Memorandum and Opinion at 19-20, 22 n.7. Specifically, the Contract can easily be applied to the undisputed facts to determine the amount of liquidated damages. It is on this basis that Williams is entitled to partial summary judgment on its cross-motion.

## II.
## STATEMENT OF THE ISSUES

1.     Whether Technip's Motion for Partial Summary Judgment should be denied because Williams was not obligated to set the SPAR Access Date within the "diminishing window" identified in Article 2.0, and because Williams was not obligated to obtain Technip's consent in order to set a new SPAR Access Date once this window had passed.

2.     Whether Williams' Cross-motion for Partial Summary Judgment should be granted because Technip did not achieve Substantial Completion within fifty-one (51) days of the SPAR Access Date and because the date upon which it did achieve Substantial Completion is undisputed.

## III.
## SUMMARY OF THE ARGUMENT

Technip seeks summary judgment on Williams' liquidated damages claim, asserting two bases for its motion: (1) that Williams failed to provide the SPAR Access Date in accordance with the diminishing window mechanism contained in Article 2.0 of the Contract, rendering Technip's date for access to the SPAR invalid for purposes of assessing liquidated damages; and (2) that Technip performed its work timely considering the earliest the SPAR Access Date could

be set in accordance with Technip's interpretation of the Contract's terms.   Neither of these arguments have merit.  First, both are in express contradiction to the Court's Memorandum and Opinion entered on March 21, 2005.  In its Memorandum and Opinion, the Court found that Williams was not required to comply with the diminishing window mechanism in Article 2.4 and that Williams could set a SPAR Access Date outside of this window pursuant to Article 2.6.  See Memorandum and Opinion at 20, 22 n.7.  For this reason alone, Technip's motion should be rejected.

Second, neither of Technip's bases is supported by the Contract.   The term "SPAR Access Date" is defined by the Contract as "The date upon which the CONTRACTOR shall be provided full access to commence Work at the SPAR in accordance with the requirements of Article 2.0."  Thus, the date Technip was given access to the SPAR and the "SPAR Access Date" are the same.   Moreover, the definition does not require that the SPAR Access Date be determined by Article 2.4, but instead refers to all of Article 2.0, which includes Article 2.6 and is consistent with the Court's prior ruling.

Thus, in light of the Court's prior ruling and the Contract's terms, Williams requests that the Court deny Technip's motion for partial summary judgment and, instead, enter summary judgment on Williams' claim for liquidated damages.

## IV.
## ARGUMENT AND AUTHORITIES ON
## TECHNIP'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### A.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), a motion for summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving

party bears the burden of establishing that there are no genuine issues of material fact.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).  If the moving party fails to meet its initial burden, the motion must be denied regardless of the nonmovant's response.  Id.  If the movant does meet its burden, the burden shifts to the nonmoving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.  Hickman v. U.G. Lively, 897 F. Supp. 955, 957 (S.D. Tex. 1995) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553-54, 91 L. Ed.2d 265 (1986)).

**B.** **Williams Provided a Valid SPAR Access Date in Accordance with Article 2.0 of the Contract**

Technip argues that it is entitled to partial summary judgment on Williams' liquidated damages claim because Williams allegedly failed to provide a SPAR Access Date in accordance with Article 2.0 of the Contract, rendering the date on which Williams provided access to the SPAR invalid for purposes of assessing liquidated damages.  Technip argues that the "SPAR Access Date" can only be set by the diminishing window procedure in Article 2.4 and not by Article 2.6, noting that Article 2.6 does not contain the term "SPAR Access Date."  Thus, Technip asserts that a purported SPAR Access Date set by Williams pursuant to Article 2.6 is not the SPAR Access Date but is merely the date Technip was given access to the SPAR.

Technip's argument fails, in the first instance, because it is in direct conflict with the Court's findings in its March 21 Memorandum and Opinion.  Throughout its argument, Technip states that Williams was contractually required to comply with the diminishing window mechanism in Article 2.4 and that since the date Williams informed Technip it would have access to the SPAR allegedly did not comply with that mechanism, the date could not have been the SPAR Access Date.  In its Memorandum and Opinion, however, the Court expressly found that neither Article 2.4 nor Article 2.6 obligated Williams to provide diminishing window notices

once it moved the SPAR Access Date beyond March 15, 2003.  See Memorandum and Opinion at 22 n.7.   Rather, the Court found that Article 2.6 contemplates that the window could be extended past March 15, 2003, see id. at 20, 22 n.7, and that Article 2.6 does not address any diminishing window notice obligation if the ending date of the window is extended.  See id. at 22 n.7.  The Court's specifically stated as follows:

> Technip does not argue that Williams breached a contractual obligation to provide diminishing window notices after it moved the SPAR Access Date beyond March 15, 2003.  Article 2.4 does not provide such an obligation.  Article 2.4 is based on a SPAR Access Date within the four-month window ending on March 15, 2003.  Nor does Article 2.6 provide such an obligation.  Article 2.6 contemplates the issuance of a SPAR Access Date later than March 15, 2003.  Article 2.6 begins with the words, "notwithstanding the foregoing," and does not address any diminishing window obligation if the ending date of the window is extended.  Technip has not pointed to Contract language that would require Williams to issue diminishing window notices following the structure of Article 2.4 if the window is extended past March 15, 2003, as Article 2.6 contemplates could occur.

Id. (emphasis added).   Thus, this Court has already ruled that Williams could set the SPAR Access Date outside of the diminishing window referenced in Article 2.4, and for that reason alone, Technip's motion should be denied.

Technip also repeatedly argues that the parties were required to mutually consent to a SPAR Access Date and that Williams could not unilaterally set the SPAR Access Date.  Again, this argument is in direct conflict with the Court's Memorandum and Opinion.  The Court recognized that Article 2.4 of the Contract only requires the parties to mutually agree to a new SPAR Access Date in two situations:  (1) if Technip is unable to meet the SPAR Access Date; or (2) if Williams issued a window that was different from the diminishing window schedule, but still within the November 15, 2002 to March 15, 2003 time frame.  See Memorandum and Opinion at 19-20.  Neither of these situations occurred here since the SPAR Access Date fell

outside the original diminishing window schedule. Thus the Court found that "the Contract did not prohibit Williams from issuing a SPAR Access Date beyond March 15, 2003, or require that a later date be mutually agreed. To the contrary, the Contract contemplates this circumstance." Id. at 20.

Technip further argues that even if Article 2.6 allowed Williams to unilaterally set a SPAR Access Date beyond March 15, 2003, Article 2.6 conflicts with Article 2.4, creating an ambiguity. Again, the Court rejected this argument when it found that Williams was entitled to unilaterally set a SPAR Access Date beyond March 15, 2003. The Court cited Article 2.6, which begins with the words "notwithstanding the foregoing" and which does not require Williams to issue diminishing window notices. Id. at 22 n.7. Thus, there is no conflict between Articles 2.4 and 2.6, since they each serve different purposes, can both be read together, and can both be given effect. See Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1951) (stating that it is a court's duty to interpret an unambiguous contract "in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless").

Technip's argument that the date Williams provided Technip access to complete its work at the SPAR was not the "SPAR Access Date" is, likewise, not supported by the terms and provisions of the Contract. The Contract defines the term "SPAR Access Date" as "[t]he date upon which the CONTRACTOR shall be provided full access to commence Work at the SPAR in accordance with the requirements of Article 2.0." See Contract at 3. Thus, the date Technip was given access to commence work on the SPAR "in accordance with the requirements of Article 2.0" is, by definition, the "SPAR Access Date." In this regard, the definition in Article 1.0 does not require that the SPAR Access Date be determined by Article 2.4, but instead refers to all of Article 2.0, which includes Article 2.6. In this regard, the Court has already determined

that "Article 2.6 contemplates the issuance of a SPAR Access Date later than March 15, 2003. Article 2.6 begins with the words, 'notwithstanding the foregoing,' and does not address any diminishing window notice obligation if the ending date of the window is extended." Memorandum and Opinion at 22 n.7.  Thus, the date on which Williams provided Technip access to the SPAR, since it was outside the Article 2.4 window, was, as a matter of law, the SPAR Access Date.

Technip next argues that January 27, 2004,[2] could not have been the SPAR Access Date because Paul Thomson testifies that Technip was not granted access to the SPAR until February 18, 2004.  In his affidavit, Thomson bases his assertion on the fact that Technip did not complete its SCR installation preparation activities on the SPAR until February 18, 2004.  This argument is nonsensical, since, if accepted, it would have allowed Technip to delay the SPAR Access Date indefinitely by delaying its own SCR installation preparation activities, activities which the Contract required Technip to have completed months earlier.  See Exhibit B of the Contract at Section 4.7 ("The Devils Tower reeled SCR's will be installed, prior to the arrival of the SPAR, by the CSO Deep Blue into target locations at the SPAR complete with all required VIV Strakes, flex-joints and anodes attached.") (emphasis added).  More importantly, there is nothing in the Contract that conditions the SPAR Access Date on the prior completion of Technip's SCR installation preparation activities, and Technip provides no other evidence that it was not granted access to complete its work on the SPAR on January 27, 2004.

Finally, Technip argues that because Williams proposed a new diminishing window,

_____

[2]  Technip asserts that January 22, 2004, was the SPAR Access Date Williams provided to Technip.  Williams did provide the date of January 22, 2004 in a December 31, 2003 letter to Technip.  See Technip's Second Motion for Partial Summary Judgment, Exhibit A-9.  Had Technip been ready to begin its work on the SPAR on January 22, 2004, full access would have been provided.  See Ex. "A", Affidavit of Guy S. Suffridge at ¶ 5.  However, since other work was being performed on the SPAR until January 27, 2004, it is that date from which Williams has calculated its liquidated damages.  See id.

- 9 -

Williams must have believed that it was bound to do so.  As is clear from the evidence presented by Technip, Williams discussed the issuance of a new diminishing window only in an attempt to assist Technip, not because it was contractually required to do so.  See Technip's Second Motion for Partial Summary Judgment, Exhibit A-5, December 10, 2002 letter from Tim Oberlender to Technip ("Williams wants to further note, that contrary to TOCI's E-FAX Letter of November 26, 2002, this circumstance of the Spar Access Date being outside the original window was specifically contemplated by the parties during formation of the Contract, and intentionally addressed Article 2.6 and further confirmed in Article 2.7 which set the negotiated limitations on [Technip's] remedies therefore.") and Exhibit A-7, April 8, 2003 letter from Tim Oberlender to Technip ("The circumstance of the Spar Access Date being outside the original window was specifically contemplated by the parties during formation of the Contract, and intentionally addressed Article 2.6 and further confirmed in Article 2.7 which set forth the negotiated limitations on [Technip's] remedies therefore.").

Further, at no time did Williams or Technip modify the Contract in a manner that would have required such action from Williams.  Rather, Williams recognized that the SPAR Access Date would fall outside the window provided in Article 2.4, notified Technip of this fact, and was, thus, no longer obligated to follow the diminishing window mechanism.[3]  See id.  In fact, in both the December 10, 2002 and April 8, 2003 letters referenced above, Williams specifically states that in order for a new window to be implemented, a Change Order Request would need to be issued and agreed to; otherwise, the parties would not be contractually bound by the new

---

[3]  As found by the Court, the purpose of the diminishing window mechanism was to allow Williams to insist on the use of the Deep Blue.  See Memorandum and Opinion at 21.  Once the SPAR Access Date was set beyond the diminishing window, Williams lost this ability and Technip gained the right to obtain a boat of opportunity, if the Deep Blue was not available.

mechanism.[4]  See id.  Thus, Williams' actions evidence its belief that it was not bound to follow the mechanism in Article 2.4.

**C.**   **Technip Did Not Timely Perform Its Work After the Issuance of the SPAR Access Date**

In the alternative, Technip asserts that it is entitled to summary judgment because it performed its work timely considering the earliest the SPAR Access Date could be set in accordance with the Contract's terms.  Technip again asserts that Williams was required to comply with the diminishing window mechanism in Article 2.4.  According to Technip, Williams' December 31, 2004 notice could only serve as the four-month notice of the 30-day period required by Article 2.4(d).  Therefore, Technip argues that it timely completed its work, because the earliest the SPAR Access Date could have been was the period of April 8, 2004 to May 22, 2004.  There is no support for this argument in the Contract.  The Contract simply does not contemplate a "new" window once Williams notifies Technip that the SPAR Access Date will not occur within the original window.  Moreover, the Court expressly rejected this argument when it found that Williams was not required to comply with the diminishing window mechanism in Article 2.4 and that Williams could set a SPAR Access Date outside of this window pursuant to Article 2.6.  See Memorandum and Opinion at 20, 22 n.7.

**V.**
**ARGUMENT AND AUTHORITIES ON**
**WILLIAMS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

**A.**   **Statement of Undisputed Facts**

1.   On December 31, 2003, Williams informed Technip that the SPAR Access Date was January 22, 2004.  See Ex. "A", Affidavit of Guy S. Suffridge at ¶ 5;  Technip's Second Motion for Partial Summary Judgment at 6, 18 and Exhibit A-9.

_____

[4]  Any modification of the Contract was required to be in writing.  See Contract, Art. 23.2.

2.      Williams subsequently set the SPAR Access Date for January 27, 2004.  See Ex. "A", Affidavit of Guy S. Suffridge at ¶ 5;  Technip's Second Motion for Partial Summary Judgment at 7 n.4.

3.      Substantial Completion occurred on April 22, 2004.  See Ex. "A", Affidavit of Guy S. Suffridge at ¶ 4;  Technip's Second Motion for Partial Summary Judgment at 7.

**B.      Summary Judgment Standard**

As set forth above, under Federal Rule of Civil Procedure 56(c), a motion for summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party bears the burden of establishing that there are no genuine issues of material fact.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).  If the moving party fails to meet its initial burden, the motion must be denied regardless of the nonmovant's response.  Id.  If the movant does meet its burden, the burden shifts to the nonmoving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Hickman v. U.G. Lively, 897 F. Supp. 955, 957 (S.D. Tex. 1995) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553-54, 91 L. Ed.2d 265 (1986)).  Here, the undisputed facts establish that Williams is entitled to summary judgment as a matter of law on its claim for liquidated damages.

**C.      Williams is Entitled to Summary Judgment on its Liquidated Damages Claim Because the SPAR Access Date was Properly Set in Accordance with the Contract**

Pursuant to Article 23.5, Williams is entitled to liquidated damages from Technip in the event Technip fails to achieve Substantial Completion by the later of March 2, 2003, or the SPAR Access Date plus fifty-one (51) days.  See Contract, Art. 23.5.  It is undisputed that

Williams set the SPAR Access Date for January 27, 2004.  See Ex. "A", Affidavit of Guy S. Suffridge at ¶ 4.  As discussed above, the Court has already found that Williams was entitled unilaterally to set the SPAR Access Date outside of the Article 2.4 diminishing window, thus, the validity of the January 27, 2004 SPAR Access Date has already been established.  See Memorandum and Opinion at 20, 22 n.7.  In fact, in its Motion for Partial Summary Judgment, Technip does not dispute that Williams provided Technip with notice that it would have access to the SPAR on January 22, 2004.  See Technip's Second Motion for Partial Summary Judgment at 6, 18.  Williams, however, is only pursuing damages based on a SPAR Access Date of January 27, 2004.[5]  Technip even admits that Williams advised Technip that it could have access to the SPAR on January 27, 2004.  See id. at 7 n.4.  Consequently, the liquidated damages period began to run fifty-one (51) days after January 27, which was March 18, 2004.  See Contract, Art. 23.5.  Technip admits that it did not complete its work on the SPAR until April 22, 2004, thus entitling Williams to $4,000,000 in liquidated damages.  See Ex. "A", Affidavit of Guy S. Suffridge at ¶ 4;  Technip's Second Motion for Partial Summary Judgment at 7.  Thus, Williams is entitled to summary judgment on its liquidated damages claim in this amount.

## VI.
## CONCLUSION

Based upon the foregoing, Williams respectfully requests that the Court deny Technip's Second Motion for Partial Summary Judgment, and instead grant Williams' Cross-motion for Partial Summary Judgment on Williams breach of contract claim for liquidated damages.

---

[5] See footnote 2, supra.

- 13 -

Respectfully submitted,

By:   s/ T. Lane Wilson

T. Lane Wilson
Southern District of Texas No. 38867
320 South Boston Avenue, Suite 400
Tulsa, Oklahoma  74103
Telephone (918) 594-0400
Facsimile (918) 594-0505

**ATTORNEY IN CHARGE FOR**
**DEFENDANTS WILLIAMS FIELD**
**SERVICES - GULF COAST COMPANY,**
**L.P. AND WILLIAMS OIL GATHERING,**
**LLC**

Of Counsel:
**HALL, ESTILL, HARDWICK,**
**GABLE, GOLDEN & NELSON, P.C.**
Karissa K. Cottom
State Bar No. 24029893
Southern District of Texas No. 29593
320 South Boston Avenue, Suite 400
Tulsa, Oklahoma  74103
Telephone (918) 594-0400
Facsimile (918) 594-0505

and

**JONES, WALKER, WAECHTER**
**POITEVENT, CARRERE &**
**DENEGRE, L.L.P.**
John D. White
State Bar No. 21311500
Southern District of Texas No. 6579
Catherine V. Funkhouser
State Bar No. 24037307
Southern District of Texas No. 38779
10001 Woodloch Forest Drive, Suite 350
The Woodlands, Texas  77380
Telephone (281 )296-4444
Facsimile (281) 296-4404

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a copy of the foregoing Defendants' Response to Plaintiff's Second Motion for Partial Summary Judgment and Cross-motion for Partial Summary Judgment to the following via certified mail, return receipt requested, on the 6th day of June, 2005:

>Kerry C. Williams
>R. Kyle Hawes
>Chamberlain, Hrdlicka, White,
>Williams & Martin
>1200 Smith St., Ste. 1400
>Houston, TX  77002



s/ T. Lane Wilson
T. Lane Wilson

536598.3:912455:00370