**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TECHNIP OFFSHORE CONTRACTORS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-0096 |
| | § | |
| WILLIAMS FIELD SERVICES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

At this court's final pretrial conference, Technip claimed that at the bench trial, it intended to call witnesses and put on evidence to support its claim that the defendants did not suffer any "actual damages" from Technip's alleged breach. Technip contends this evidence is relevant to show that it is not liable for liquidated damages. Technip cites *Phillips v. Phillips*, 820 S.W.2d 785 (Tex. 1991), and *Commercial Union Insurance Company v. La Villa Independent School District*, 779 S.W.2d 102 (Tex. App. – Corpus Christi 1989, no writ). These cases, however, make it clear that such evidence is precluded by this court's prior ruling on Technip's "unfair penalty" defense with respect to the liquidated damages provision.

*Commercial Union Insurance Company* reads, in pertinent part:

> A liquidated damage provision will be enforced when the court finds: (1) the harm caused by the breach is incapable or difficult of estimation; and (2) that the amount of liquidated damages called for is a reasonable forecast of just compensation. However, the party asserting that a liquidated damages clause is, in fact, a penalty provision has the burden of proving this defense. In order

> to meet this burden, the party asserting the defense is required to prove the amount of the other parties' actual damages, if any, to show that the liquidated damages are not an approximation of the stipulated sum. If the liquidated damages are shown to be disproportionate to the actual damages, then the liquidated damages must be declared a penalty and recovery limited to the actual damages proven.

779 S.W.2d at 106–07 (citations omitted). The "actual damages" requirement is part and parcel of the unenforceable penalty defense.

This court has already ruled that Technip waived the affirmative defense that the liquidated damages provision was unenforceable as a penalty by (1) failing to assert the affirmative defense in its four amended answers; (2) failing to raise the defense (or request leave to file an amended answer) until after discovery had closed; and (3) raising the defense only after Williams had already moved for summary judgment on liquidated damages and after Technip had filed a response to that motion in which it failed to assert this defense. (Docket Entry No. 147 at 26). This court adhered to this ruling in denying Technip's motion for reconsideration. (Docket Entry No. 154 at 1–2). In accordance with these rulings, Technip will not be permitted to present evidence on this issue at the bench trial set for June 19, 2006.

SIGNED on June 14, 2006, at Houston, Texas.

                                              _____
                                                      Lee H. Rosenthal
                                                   United States District Judge